IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK TRUJILLO,

    Plaintiff,

vs.

UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

No. CIV S-04-0139 GEB KJM PS

FINDINGS AND RECOMMENDATIONS

    Pending before the court is defendants' motion for summary judgment. The motion came on for hearing before the undersigned on November 29, 2006. Plaintiff appeared pro se; defendants were represented by Bobbie Montoya. Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

    Defendants contend plaintiff's claim under the Family Medical Leave Act ("FMLA") is barred by the statute of limitations. FMLA provides for a two year statute of limitations, which is extended to three years where the employer's conduct was a willful violation. 29 U.S.C. § 2617(c). There is no provision for tolling the statute while administrative remedies for other claims are being pursued. Plaintiff was terminated May 26, 2000. This action

1

was filed more than three years later, on January 22, 2004 and thus plaintiff's claims made under FMLA are time barred.

Defendants further contend plaintiff cannot maintain an action under the Americans with Disabilities Act ("ADA") against the federal government.  While this contention is correct, defendants concede plaintiff can assert an action under the Rehabilitation Act ("Rehab Act") for discrimination based on disability.  Accordingly, the court will construe plaintiff's claims as made under that statute.  See Zimmerman v. Oregon Dep't of Justice, 170 F.3d 1169, 1172 (9th Cir. 1999) (employer under the ADA does not include the United States); 29 U.S.C. § 791.  The Rehab Act incorporate the rights and remedies under Title VII.  Boyd v. United States Postal Service, 752 F.2d 410, 412 (9th Cir. 1985).[1]

Governmental employers must make reasonable accommodations to the known physical or mental limitations of a qualified disabled employee.  Fuller v. Frank,  916 F.2d 558, 561 (9th Cir. 1990).  Plaintiff's claimed disability is substance abuse, namely crack cocaine and alcohol.  Trujillo Dep. at 36:23-37:25.  It is undisputed that defendant USPS, plaintiff's employer, did not know about this alleged disability until plaintiff filed an EEO complaint in June 2000, a month after he was terminated.[2]  Trujillo Dep. at 48:17-49:2, 49:15-50:1, 50:14-18.  Thus, because there was no known disability of which defendants were aware, plaintiff cannot make out a prima facie case of disability discrimination.  Summary judgment should therefore be granted on this claim.

---

[1] Plaintiff does not appear to contest the government's contention that his asserted civil rights claims based on disability discrimination can only be pursued under Title VII and that any state law claims are preempted by Title VII.  See Sommatino v. United States, 255 F.3d 704, 711-12 (9th Cir. 2001).

[2] Substance abuse can only be a basis of protected disability if the plaintiff is not a current user and has successfully completed a supervised drug rehabilitation program.  29 C.F.R. § 1630.3.  Although at oral argument plaintiff contended the employer knew he was receiving inpatient and outpatient treatment prior to his termination, plaintiff admitted at deposition the reasons for this treatment were not provided to the employer, that the substance abuse continued through the end of 2000, and that his rehabilitation treatment was not completed until mid-2001.  Trujillo Dep. at 38:1-42:7.

Plaintiff also alleges a claim that he was terminated in retaliation for filing an EEO complaint in November 1999.  To establish a prima facie case of retaliation, plaintiff must demonstrate that (1) he engaged in a protected activity; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action.  Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000).  By filing an EEO complaint and subsequently being terminated, plaintiff meets the first two prongs of the prima facie case for retaliation.  The court will assume arguendo, for purposes of summary judgment, that a causal link can be inferred from plaintiff's evidence.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The burden then shifts to defendants to articulate a legitimate, nondiscriminatory reason for its decision to terminate plaintiff's employment.  Ray v. Henderson, 217 F.3d at 1240.  If the defendants meet this burden, the plaintiff ultimately bears the burden of demonstrating that reason was a pretext for discrimination.  Id.

Here, the articulated reason is that plaintiff had been progressively disciplined for being repeatedly absent without leave ("AWOL") and that he was terminated for irregular attendance and being AWOL.  Defs.' Exs. A, B; Pl.'s September 22, 2006 Opp'n (Opp'n), Attach. no. 7 ("Notice of Removal").  Plaintiff does dispute two of the dates (12/4/99 and 12/19/99) specified in the April 26, 2000 notice of removal.  The undisputed facts, however, establish plaintiff did not work a full shift on December 4, did not work at all on December 19 and did not properly fill out any paperwork for a shift switch with another worker for either of those days.  Kelly Decl. ¶ 4; Trujillo Dep. at 161:11-20, 162:7-16.  Plaintiff also contends he should not have been charged with being AWOL from March 18 to March 22, 2000, but the undisputed facts establish plaintiff was not cleared for return to work until March 23; because his FMLA leave had already been exhausted at that time, his absence from work was unexcused. Kelly Decl. ¶ 5; Opp'n, Attach. no. 11.  Because plaintiff fails to rebut the nondiscriminatory reason articulated by the employer, defendants are entitled to summary judgment on the retaliation claim.

1  Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for
2 summary judgment be granted and this action be dismissed.
3  These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: December 11, 2006.

_____
U.S. MAGISTRATE JUDGE

006
trujillo.57